## Ruhe v. Ruhe

*A. G. Helbling,* for libellant.

SOHN, J., February 4, 1946.—Leonard C. Ruhe is the libellant in a divorce action, and Sefanija Ruhe is the respondent.

The libel alleges indignities to the person and "that respondent did knowingly enter into this marriage with

libellant in violation of the previous vows she made to the former spouse, whose marriage is still subsisting".

The matter was regularly proceeded with and referred to a master, who found that libellant had not sustained the charge of indignities to the person so as to render the condition of libellant intolerable and life burdensome. We agree with this conclusion.

The master recommended that a divorce be granted on the ground that respondent had been a party to a marriage ceremony in which Daniel Lee Kale and respondent were the principals, and this marriage had not been dissolved. With this we cannot agree.

The Divorce Law of May 2, 1929, P. L. 1237, sec. 10, provides in part as follows:

"1. When a marriage has been heretofore or shall hereafter be contracted and celebrated between two persons, it shall be lawful for the innocent and injured spouse to obtain a divorce from the bond of matrimony, whenever it shall be judged, in the manner hereinafter provided, that the other spouse: . . .

"(b) Has knowingly entered into a second marriage, in violation of the previous vows he or she made to the former spouse whose marriage is still subsisting; . . ."

In this case, libellant had gone through a marriage ceremony between himself and respondent. His testimony established that at the time this ceremony was performed, respondent had a husband living from whom she had not been divorced.

The act hereinbefore quoted affords a remedy which is confined to the innocent and injured party to the first marriage, not the party who has gone through a subsequent marriage ceremony, which ceremony is of necessity a nullity.

We, therefore, hold that libellant in this case is not entitled to a divorce under the provisions of the act.

Section 12 of The Divorce Law of May 2, 1929, P. L. 1237, provides as follows:

"In all cases where a supposed or alleged marriage shall have been contracted, which is absolutely void by reason of one of the parties thereto having a spouse living at the time the supposed or alleged marriage, may, upon the application of either party, be declared null and void, in accord with the principles and forms hereinafter prescribed for cases of divorce from the bond of matrimony."

The remedy available to libellant in this case is to proceed under the provisions of section 12 of The Divorce Law of May 2, 1929. For the reasons hereinbefore stated, the libel should be dismissed and divorce refused.